# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-31045
Summary Calendar

ERIC JOSEPH BURAS

Plaintiff-Appellant

v.

RODNEY J STRAIN, JR, Sheriff of St. Tammany Parish; MARLIN PEACHEY, Former Warden of St. Tammany Parish Jail; DAVID HANSON, Captain of St. Tammany Parish Jail; SHERYL ZIEGLER, Deputy; DENNY MOORE, Deputy; DEPUTY DELORIA

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-1505

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Eric Joseph Buras has filed a motion for leave to proceed in forma pauperis (IFP) on appeal. The district court denied Buras's motion for leave to proceed IFP on appeal and certified that the appeal was not taken in good faith because "[d]espite being given a chance to name suable defendants involved in the shakedown of his cell, [Buras] failed to do so." By moving for leave to

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceed IFP in this court, Buras is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Buras asserts, without argument or citation to authority, that he did name the right defendants in this action because the sheriff and his command staff had jurisdiction and control over anyone who entered the parish jail, including the Louisiana Department of Public Safety and Corrections (DOC) officers who conducted the August 2006 shakedown search of his cell and confiscated and later destroyed his outgoing legal mail. This amounts to a claim of vicarious liability. The named defendants cannot be held vicariously liable for the acts of others under 42 U.S.C. § 1983. *See Kohler v. Englande*, 470 F.3d 1104, 1114-15 (5th Cir. 2006); *Tompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987).

Buras also states, without argument or authority, that the district court erred in finding no basis to suggest that DOC officers were subordinates to Sheriff Strain or his command staff during the shakedown, in its interpretation and application of *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001), to his case, and in finding that Sheriff Strain, Warden Peachey, and Captain Hanson were entitled to qualified immunity under the Eleventh Amendment in their official capacities. Buras makes no arguments relevant to the June 2007 shakedown of his jail cell.

Buras has not shown that his appeal involves legal points arguable on their merits. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, Buras's motion for IFP is denied, and his appeal is dismissed. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The district court's dismissal of Buras's complaint and the instant dismissal of his appeal count as two strikes for the purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Buras is cautioned that if he accumulates three strikes he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or

detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.